IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**TIM TRUNG ANH DO**,

           Petitioner,

vs.

**DON MILLS**,

           Respondent.

Civil Case No. 09-54-KI

OPINION AND ORDER

    Daniel J. Casey
    P. O. Box 82818
    Portland, Oregon  97282-0818

        Attorney for Petitioner

    John R. Kroger
    Attorney General

Page 1 - OPINION AND ORDER

Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096

    Attorney for Respondent

KING, Judge:

Petitioner Tim Trung Anh Do brings this action, pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus.  For the reasons set forth below, I deny the petition.

## FACTS

Petitioner, who is Vietnamese, was convicted of sexual abuse and harassment charges in a court trial on May 1, 2003.  The charges were filed as a result of the complaints of one girl and five young women alleging petitioner engaged in sexual or offensive touching of their bodies at his tanning, body-piercing and nail-salon enterprise.  Petitioner was sentenced to the mandatory minimum of 75 months on the charge of first-degree sexual abuse, plus 20 months as a consecutive sentence on the second-degree sexual abuse charge.  The court imposed concurrent 180-day sentences on each of the four remaining counts of harassment.

Petitioner filed an appeal that he later voluntarily dismissed.  The Oregon Court of Appeals granted his motion to voluntarily dismiss his appeal on October 23, 2003.

Petitioner filed a Petition for Post-Conviction Relief in state court.  The court appointed counsel for petitioner, but subsequently granted counsel's motion to withdraw on July 28, 2005.  By this time, respondent had taken petitioner's deposition.  The court ordered petitioner to proceed *pro se* and both petitioner and respondent filed their trial memoranda.  Petitioner

demanded substitute counsel and the court appointed him one on September 9, 2005, but petitioner complained about this counsel as well. On January 10, 2006, petitioner's counsel requested a continuance, which the court denied. At the post-conviction trial on January 19, 2006, the judge presiding over the post-conviction proceeding dismissed the petition for failure to prosecute when petitioner refused to confirm or deny in English whether he still wanted substitute counsel. The judge reviewed the evidence in the record and concluded petitioner could speak and understand English. Petitioner, represented by counsel, appealed the post-conviction court's dismissal as too punitive and as a violation of his due process rights. Petitioner requested that his counsel argue the merits of his claims, but counsel explained to petitioner in a letter that the Court of Appeals would not "consider those issues" since the "post-conviction court did not reach them." Pet'r Ex. 2 at 1.[1] Counsel invited petitioner to file a *pro se* supplemental brief, but, with the help of an inmate, petitioner responded that he is Vietnamese and was not competent or qualified to file such a brief.

On September 3, 2008, the Oregon Court of Appeals affirmed without opinion the post-conviction court's dismissal, Do v. Hall, 222 Or. App. 214, 193 P.2d 629 (2008), and the Oregon Supreme Court denied review on November 5, 2008, Do v. Hall, 345 Or. 415, 197 P.3d 1104 (2008).

## DISCUSSION

In his Amended Petition for Habeas Corpus, petitioner alleges both of his trial counsel were ineffective because: (1) they failed to provide him with a Vietnamese interpreter (claim

---

[1] All of the remaining record citations are to those filed by respondent in support of its Answer.

Page 3 - OPINION AND ORDER

4B); (2) they prevented him from testifying (claim 4C); and (3) they did not ensure he validly waived a jury trial (claim 4D). Additionally, petitioner alleges he was denied his right to a jury trial because the record does not contain a valid jury waiver (claim 4E).

Respondent argues that petitioner has failed to exhaust his claims, and that he has now procedurally defaulted them. A federal court must dismiss a state prisoner's petition for a writ of habeas corpus unless the state prisoner has exhausted available state remedies on all claims alleged in his petition. 28 U.S.C. § 2254(b); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 522 (1982). A state prisoner can satisfy the exhaustion requirement by fairly presenting his claims to the highest state court. Picard v. Conner, 404 U.S. 270, 275-76 (1971). To fairly present a constitutional claim in state court, both the facts underlying the claim and the "substance," or legal basis, of the constitutional violation must be presented. Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam).

If petitioner has failed to raise a claim at the state level, and can no longer do so because the state court would now find the claim barred under applicable state rules, the claim is procedurally defaulted in federal court. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman, 501 U.S. at 730-31. If a state prisoner procedurally defaults on a claim in state court, a federal court will not review the claim unless the state prisoner shows cause for the state procedural default and actual prejudice from it, or that "failure to consider the claims will result in a fundamental miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Murray v. Carrier, 477 U.S. 478, 485 (1986); Coleman, 501 U.S. at 750.

I.      <u>Petitioner's Jury Trial Waiver (Claim 4E)</u>

Petitioner asserts that he is entitled to relief because the record does not contain a valid jury waiver. The transcript from the hearing reflects that the trial judge had "before it an original of a signed jury waiver" and petitioner confirmed on the record that it was his signature on the waiver form. Ex. 103, Tr. 2:1. The trial judge also probed petitioner about the jury waiver and concluded that petitioner had "freely and voluntarily" waived his right to a jury trial. <u>Id.</u>, Tr. 3:4.

Petitioner argues that he does not remember the judge asking him about waiving a jury, he thought he had signed a document indicating he wanted a jury trial, and that the court file does not contain a written jury waiver.

Upon review of the record, I find this claim to be procedurally defaulted for a number of reasons. First, petitioner neglected to preserve this issue at trial and he dismissed his direct appeal. See <u>Palmer v. State</u>, 318 Or. 352, 356, 867 P.2d 1368 (1994) (claims of trial court error and due process violations must be raised on direct appeal); ORS 138.550(2) (no claim may be made in post-conviction unless the ground "was not asserted and could not reasonably have been asserted in the direct appellate review").

Petitioner contends he could not have raised the jury waiver claim on direct appeal because "[r]esolution of that claim required development of the factual record on whether, among other things, petitioner could comprehend the colloquy with the trial court without the aid of an interpreter." Habeas Pet.'s Reply at 4. I reject petitioner's argument. Petitioner knew at the time of the trial and at his appeal whether or not he could understand the judge; he could have raised the issue about his inability to understand at those times.

Page 5 - OPINION AND ORDER

Even if he could not have raised the claim on direct appeal, however, the claim is procedurally defaulted for another reason. Petitioner did not raise the claim in his post-conviction petition in state court and the time for doing so has passed. See ORS 138.550(3) (all claims "must be asserted in the original or amended petition" unless the court concludes that a claim "could not reasonably have been raised in the original or amended petition"); ORS 138.510(3)(b) (petition must be filed within two years of date the appeal is final in Oregon appellate courts); Bowen v. Johnson, 166 Or. App. 89, 93, 999 P.2d 1159 (2000); Hendricks v. Hill, 209 Or. App. 812, 813, 149 P.3d 318 (2006) (per curiam) (court precluded from granting relief on claim not raised in a petition). Indeed, the record is clear that petitioner could have raised this stand-alone ground for relief in his post-conviction petition since he had a similar claim for ineffective assistance of counsel. Ex. 111, ¶ 7 (appellate lawyer was ineffective for failing to raise as "plain error" the trial court's failure to require a signed jury waiver). Because the post-conviction petition must be filed within two years of the date the judgment was entered–here October 23, 2003–this claim is procedurally defaulted.

Petitioner argues he attempted to add the claim to his post-conviction petition but his post-conviction counsel failed to amend the petition. Any ineffectiveness of petitioner's post-conviction counsel, however, is not a basis for excusing procedural default. Coleman, 501 U.S. at 752-53; Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Manning v. Foster, 224 F.3d 1129, 1133 (9th Cir. 2000).

For all these reasons, petitioner has procedurally defaulted his stand-alone claim of a due process violation arising from his jury waiver (claim 4E).

Page 6 - OPINION AND ORDER

II.        <u>Ineffective Assistance of Counsel–Failure to Provide an Interpreter (Claim 4B)</u>

Petitioner also admits that his ineffective assistance of counsel claim, based on the fact that his trial counsel did not provide an interpreter, was not included in his post-conviction petition. Petitioner argues that he asked his post-conviction counsel several times to amend the petition and petitioner himself attempted to amend the petition during his deposition.

As I indicated above, petitioner's failure to raise the claim in his post-conviction petition ends the inquiry. ORS 138.550(3) requires that all claims "must be asserted in the original or amended petition" unless the court concludes that a claim "could not reasonably have been raised in the original or amended petition." Petitioner gives no reason why the claim could not have been raised and his post-conviction counsel's failure to do so does not excuse the default. <u>Coleman</u>, 501 U.S. at 752-53; <u>Manning</u>, 224 F.3d at 1133. Claim 4B is procedurally defaulted.

III.       <u>Ineffective Assistance of Counsel–Precluded Petitioner from Testifying and Failed to Ensure a Valid Jury Waiver (Claims 4C and 4D)</u>

Contrary to the claims denied above on the basis of procedural default, petitioner properly alleged in his post-conviction petition that his trial counsel were ineffective for denying him the right to testify and for failing to ensure he validly waived his right to a jury. However, after the post-conviction court dismissed his petition for failure to prosecute it, he did not appeal the merits of his petition. As a result, petitioner concedes that he has procedurally defaulted these claims. See <u>Casey v. Moore</u>, 386 F.3d 896, 915-16 (9th Cir. 2004) (petitioner must fairly present claim to "the appropriate state courts (plural) in the manner required by the state courts"); <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (same). I find Claims 4C and 4D are procedurally defaulted.

Page 7 - OPINION AND ORDER

IV.     Exceptions to Procedural Default

Petitioner contends he should be excused from his procedural default because he can show "cause" and "actual prejudice."  He argues the post-conviction court's unreasonable dismissal of his petition and his ineffective post-conviction counsel excuse his procedural default.[2]

In order to show "cause," petitioner must:

> show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.  Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel or that some interference by officials made compliance impracticable, would constitute cause under this standard.

Murray, 477 U.S. at 488 (internal quotation marks and citations omitted).

    A.    Whether the Post-Conviction Court's Actions Constitute "Cause" to Excuse the Procedural Default

The proceeding between the judge and petitioner, on the day that petitioner's post-conviction trial was scheduled, went as follows:

> THE COURT:  All right.  Mr. Klahn [petitioner's counsel], would you turn your microphone on, please?
>
> MR. KLAHN:  Okay.
>
> THE COURT:  Perfect.  Thank you.  I think we had–the problem was that the courthouse went down, so we don't have any record of what I said earlier, so I'm going to back up here and indicate that on Mr. Do, that in preparation for this hearing today, I read the transcripts of the trial, I read the depositions, I read all the exhibits, and in doing that, it seems perfectly clear to me that Mr. Do, when he wants to, speaks and understands English perfectly well.

---

[2] If petitioner is correct, only the Claims 4C and 4D would be excused.

Page 8 - OPINION AND ORDER

  To read the transcript, all witnesses who were involved in testifying against him had ongoing conversations with him in English.

  He's run two businesses that served the public, in English. He's been involved in two prior criminal trials, one of which he testified to in English.

  He's had dozens of meetings with his lawyers, in English. Request for an interpreter here is nothing but a ploy, as far as I can see, and I'm not willing to pay for that.

  Mr. Neatherly, we certainly will be paying for your time. Don't worry about that. It's not about you, it's about Mr. Do, but there just simply isn't going to be anymore translator for Mr. Do, so that's the first issue.

  The second issue–my turn to talk, gentlemen. The second issue is Mr. Do filed this motion for substitution of counsel that needs to be dealt with. Mr. Do, do you still want to fire Mr. Klahn?

  MR. DO: I wanted the Court to be aware, clearly, that--

  THE COURT: Mr. Do? Mr. Do, if you don't start speaking English, the hearing is going to be over.

  MR. DO: If the Court wanted me to conduct the hearing in English, I'm not able to speak English fluently like I do in my native language.

  THE COURT: Mr. Do? Wait a minute. Wait a minute. Wait a minute. Wait a minute. Mr. Neatherly, I don't want to hear another word out of you. Nothing personal, but I don't want to hear another word out of you. You're through.

  Mr. Do, the question is, do you want–still want to discharge Mr. Klahn, yes or no? That's a question for you, Mr. Do, not the interpreter. If you're not willing to proceed in English, Mr. Do, I'm going to dismiss this petition for failure to prosecute it.

  All right. Mr. Do? Mr. Do, since you don't care to participate, and you're not going to speak to us in English so we can't proceed, your petition is dismissed. That's all. Case over.

Ex. 131, pp. 2-3.

Page 9 - OPINION AND ORDER

Petitioner asserts the post-conviction court's dismissal of his post-conviction petition made it impossible for him to exhaust his remedies, and thereby constitutes "cause" to excuse his procedural default.

1.  Standard of Review in Evaluating Post-Conviction's Court's Conclusion that Petitioner Could Understand English

Petitioner argues that I should review the post-conviction court's finding that petitioner could speak and understand English as an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). According to petitioner, under that section, "a federal court should reject 'a state court's fact-finding process [if], after review of the state court record, it determines that the state court was not merely wrong, but actually unreasonable.' Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004)." Habeas Pet. at 19.

Contrary to petitioner's summary of the statute, however, §2254(d) sets forth the basis for a federal court to "grant[]" "[a]n application for a writ of habeas corpus" "with respect to any claim that was adjudicated on the merits in State court proceedings[.]"[3] By its terms, this section of the statute does not apply to my review of the state court's conclusion about petitioner's

---

[3]   § 2254(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim--

   . . .

   (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Page 10 - OPINION AND ORDER

English-speaking abilities since I am not reviewing a "claim that was adjudicated on the merits in State court proceedings[.]"  Cf. Orbe v. True, 233 F. Supp. 2d 749, 758-59 (E.D. Va. 2002) (§2254(d) applicable to ineffective assistance of counsel claim adjudicated on merits in state court when evaluating cause to excuse procedural default); Wilkins v. Strickland, No. CV F 07-00621 LJO WMW HC, 2009 WL 257077, at *9 n.9 (E.D. Cal. Feb. 3, 2009) (unclear whether previously resolved ineffective assistance of counsel claim providing "cause" to excuse procedural default is reviewed under §2254(d)).

Nevertheless, I review the post-conviction court's factual findings pursuant to the standard set forth in 28 U.S.C. § 2254(e)(1).  See Pirtle v. Morgan, 313 F.3d 1160, 1167-68 (9th Cir. 2002) (even where state court did not adjudicate merits, under AEDPA, factual determinations are "presumed correct and can be rebutted only by clear and convincing evidence"); Griggs v. DiGuglielmo, Civ. No. 06-1512, 2007 WL 2007971, at *11 (E.D. Pa. July 3, 2007) (cause due to lack of necessary documents not supported where state court made finding of fact that counsel had forwarded documents to petitioner).  As a result, "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

    2.  Whether Petitioner Could Speak and Understand English

Petitioner has failed to rebut by clear and convincing evidence the post-conviction court's factual finding that he was able to speak or understand English when the court questioned him about his desire for substitute counsel.

Petitioner relies on the following evidence: in an affidavit he submitted in support of his *pro se* post-conviction trial memorandum, petitioner testified that he is Vietnamese and does not understand English very well; he used a Vietnamese interpreter during his deposition in preparation for the hearing on his post-conviction petition; he testified in his deposition that he did not understand what the judge said to him during the 2003 trial, did not always understand his trial counsel, and asked them for an interpreter; he testified that he uses a Vietnamese-English dictionary to speak with the legal assistant at the prison, or he calls his family to help translate. Petitioner also notes that all of his communications with post-conviction counsel were via letters prepared by an inmate legal assistant, and that petitioner complained about the lack of an interpreter when counsel called him. Additionally, at a hearing on July 28, 2005, at which petitioner's first post-conviction counsel was allowed to withdraw, the court had an interpreter providing assistance to petitioner.[4]

Respondent, however, points to the affidavits of petitioner's two trial counsel, both of whom testified that they represented petitioner in three trials. In the first trial, petitioner testified before a jury and he was acquitted. He did not have an interpreter. Additionally, both counsel "conservative[ly] estimated" that they had conversed with petitioner 50 times in English. Exs. 125 at ¶3, 126 at ¶3. Attorney Bethune testified that petitioner "did not need an interpreter. He did not have any difficulty understanding English." Ex. 125 at ¶3. Attorney Martz testified that petitioner "spoke very good English. He even ran a business. I never had a problem

---

[4]The post-conviction court, however, specifically identified the evidence in the record indicating petitioner did not need an interpreter, but concluded that was a decision for a later day.

understanding him. Therefore, the thought of using an interpreter never crossed our minds." Ex. 126 at ¶3.

Petitioner suggests that his testimony during the first trial might have consisted entirely of "yes" or "no" answers, but that is entirely beside the point. Petitioner felt comfortable enough to testify before a jury entirely in English without an interpreter on a case alleging Sexual Abuse in the First Degree, a Ballot Measure 11 offense carrying a mandatory minimum sentence of 75 months.[5]

Petitioner points out that he and his wife ran the businesses together and that his wife was more efficient at answering telephone calls and handling the customers. The record shows, however, that petitioner ran one of the two businesses on his own. Petitioner also notes the testimony of a victim that petitioner was hard to understand. The victim's testimony was that she and petitioner would talk while petitioner polished her nails. She said, "It was kind of pretty much a friendly exchange, but he would ask me . . . you know . . . do you drive? And I would [say] no. Do you have a job? No. How old are you? 13. But sometimes I couldn't understand, so I'd just kind of nod." Ex. 103, Tr. 17:9-11. She also testified on cross-examination that defendant had a "pretty" thick accent and sometimes she had a hard time understanding him. Id., Tr. 31:2-5.

Several of the other witnesses testified, however, that petitioner spoke English clearly. One victim testified as follows:

---

[5] I take judicial notice of Multnomah County Circuit Court Case No. 020546631 pursuant to respondent's request and Federal Rule of Evidence 201.

| | |
|---|---|
| [ATTORNEY]: | Okay. So then what happened? He comes over, and you say that he put his hand on your shoulders. Then what happened? |
| [VICTIM]: | He says to me, I put lotion on you. Just like that. All of a sudden, he couldn't speak English. |
| [ATTORNEY]: | What do you mean by that? |
| [VICTIM]: | Because he has a heavy accent when he wants to. I've spoken to him enough times before, and he speaks very clear English. |

Id., Tr. 56:21-57:2. One investigating police officer testified on cross-examination by defense counsel:

| | |
|---|---|
| [ATTORNEY]: | During the course of the interview with him, did he ever appear to either misunderstand you or you couldn't understand him? |
| [OFFICER]: | No. Did not have that problem. |
| [ATTORNEY]: | So his English was sufficient? |
| [OFFICER]: | Yes. |

Ex. 104, Tr. 34:12-16.

He further testified on re-direct:

| | |
|---|---|
| [ATTORNEY]: | Officer Dran, you indicated that the defendant spoke English. |
| [OFFICER]: | Yes. |
| [ATTORNEY]: | And he appeared to understand English. |
| [OFFICER]: | Yes. |
| [ATTORNEY]: | Did he appropriately respond to the questions that you put to him? |

| | |
|---|---|
| [OFFICER]: | He did. |
| [ATTORNEY]: | Was he able to provide you quite a bit of detail for a lot of his answers? |
| [OFFICER]: | Yes. |
| [ATTORNEY]: | And that's detailed in your report, isn't it? |
| [OFFICER]: | Yes. |

. . .

| | |
|---|---|
| [ATTORNEY]: | And you asked him a lot of questions during that 20 minutes? |
| [OFFICER]: | I did. |
| [ATTORNEY]: | And you had no problem communicating with him? |
| [OFFICER]: | I did not. |

Id., Tr. 37:25-38:18.

Although defendant ended an interview with another officer because he did not want to be "misunderstood," the officer testified he "didn't have any problem communicating with" defendant. Id., Tr. 47:18.

Based on this record, petitioner has failed to meet his burden of showing that the post-conviction court's finding was incorrect. See 28 U.S.C. § 2254(e)(1). As a result, petitioner has failed to demonstrate that an "objective factor external to the defense" impeded petitioner's compliance with Oregon's procedural rules. See Murray, 477 U.S. at 488.

    2.    Whether the Post-Conviction Court's Alleged Due Process Violation Constitutes "Cause"

Petitioner asserts that even if he could speak English "that still did not justify Judge Hargreaves' dismissal of petitioner's post-conviction petition without addressing its merits[.]" Habeas Pet. at 23.  He concedes that this court may not evaluate the post-conviction court's actions as a stand-alone due process claim, Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989), but he argues the actions may excuse his procedural default.  See United States v. Dago, 441 F.3d 1248 (10th Cir. 2006); Washington v. Wainwright, 587 F. Supp. 525, 527 (S.D. Fla. 1984).

Petitioner does not cite any relevant law from the Ninth Circuit and the cases on which he relies excuse *exhaustion* requirements as a result of due process violations, not procedural default.  The Ninth Circuit has held that the inadequacy of the state proceeding does not excuse procedural default.  Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007), cert. denied, 129 S. Ct. 37 (2008); see also Parker v. Hill, No. CV 08-632-MA, 2010 WL 330263, at *9 (D. Or. Jan. 21, 2010).

### 3. Petitioner's Inability to Speak English as "Cause"

Finally, and alternatively, I believe petitioner has inaccurately characterized the reason for his failure to appeal the merits of his post-conviction petition.  Although petitioner argues that the post-conviction court's dismissal is the action that precluded him from exhausting his claims in state court, in fact it was petitioner's inability or unwillingness to speak English that caused the dismissal.  Although this issue has not been resolved in the Ninth Circuit, a number of courts have held that an inability to understand English is not an issue "external to the defense" such that it can excuse procedural default.  See Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004) ("unfamiliarity with the English language" is not "external to [his] defense"); Vasquez v. Lockhart, 867 F.2d 1056, 1058 (8th Cir. 1988) (*pro se* and lack of familiarity with English did not

constitute cause); Silva v. Oregon, Civ. No. 03-6358-TC, 2009 WL 4505445, at *6 (D. Or. Dec. 2, 2009) (inability to speak English not an "objective factor amounting to cause"); see also Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (*pro se* and illiterate not cause); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (mental illness not cause).  I agree that any inability Do had in understanding English cannot excuse procedural default.

  B. Whether Post-Conviction Appellate Attorney's Error Amounts to "Cause"

Petitioner alternatively argues that his failure to raise his claims in the Oregon appellate courts is due to his state post-conviction counsel's refusal to include those claims in his appeal. Petitioner specifically requested that his counsel raise the merits of his petition and she declined to do so.  She invited him to file a brief on his own, which he did not do.  Petitioner recognizes that ineffective assistance of post-conviction counsel cannot constitute "cause," but asserts that post-conviction counsel was not even acting as petitioner's agent because she was not acting "in furtherance of the litigation[.]"  Coleman, 501 U.S. at 753-54.  This court has repeatedly rejected the agency argument.  Campbell v. Belleque, Civ. No. 05-832-BR, 2009 WL 3190421, at *3 (D. Or. Sept. 28, 2009) (collecting cases).

Petitioner also recognizes that the Ninth Circuit has rejected a similar ineffective assistance of post-conviction counsel argument, but asserts his case is distinct.  In Smith v. Baldwin, the Ninth Circuit held that the post-conviction counsel's actions did not constitute an "external objective factor causing the procedural default" because petitioner could have raised his "substantive post-conviction claims with the Oregon Court of Appeals and the Oregon Supreme Court."  510 F.3d at 1147.  Petitioner contends, however, that he was unable to file a *pro se*

Supplemental Appellate's Brief or a *pro se* Petition for Review in the Oregon Supreme Court because of those courts' procedural rules and because of his inability to speak English.

Even assuming petitioner could not understand or write English, the record is replete with evidence that he competently used inmate counsel to assist him. Ex. 115 (*pro se* trial memorandum); Ex. 133 (*pro se* motion for relief from judgment); Ex. 119 (bar complaint). Furthermore, petitioner's argument, that the Oregon Rules of Appellate Procedure do not permit a *pro se* Petition for Review, was rejected by the Ninth Circuit in Custer v. Hill, 378 F.3d 968, 975 (9th Cir. 2004). That case suggested that a post-conviction petitioner may request permission to file a petition with the Oregon Supreme Court.

Petitioner's ineffective assistance of counsel does not constitute "cause" to excuse his procedural default.

### C. Conclusion

Because petitioner has not shown "cause" to excuse his procedural default, I will not address whether he suffered "actual prejudice." See Tacho, 862 F.2d at 1381. Petitioner does not assert a miscarriage of justice as an excuse for his default. As a result, since petitioner did not present these claims to the highest state court, and because he cannot show "cause" for the default, petitioner's request for habeas relief is denied.

### IV. Evidentiary Hearing

Petitioner requests an evidentiary hearing, contending he has alleged a "colorable claim" for relief, citing Stankewitz v. Woodford, 365 F.3d 706, 708 (9th Cir. 2004) ("where a petitioner raises a colorable claim of ineffective assistance, and where there has not been a state or federal hearing on this claim, we must remand to the district court for an evidentiary hearing") (internal

Page 18 - OPINION AND ORDER

quotation marks omitted)). Since petitioner's claims are procedurally defaulted, his request for an evidentiary hearing is denied as moot.

Nevertheless, petitioner contends he would present evidence showing he was born in Vietnam, never learned English, merely assisted in running the salon businesses, did not understand what was happening in his first trial in Multnomah County, and had the assistance of his sister's interpretation skills when meeting with his attorneys. In short, petitioner's evidence is directed solely to his alleged inability to understand English. Accordingly, it appears petitioner requests an evidentiary hearing on the issue of "cause."

I have held, as a matter of law above, that petitioner's alleged inability to understand English is not sufficient "cause" as it is defined in the case law to excuse his procedural default. Alternatively, after considering the factors outlined in Townsend v. Sain, 372 U.S. 293, 313 (1963),[6] as Cristin v. Brennan, 281 F.3d 404, 414 (3rd Cir. 2002)[7] suggested in a similar factual circumstance, I decline to exercise my discretion in holding an evidentiary hearing. The record, and the post-conviction court's evaluation of the record, provide the most accurate reflection of

---

[6]Under Townsend, an evidentiary hearing is mandatory:
[i]f (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the factfinding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

[7]Court applied Townsend's six factors rather than §2254(e)(2)'s limitations on evidentiary hearings.

Page 19 - OPINION AND ORDER

petitioner's English-speaking abilities at the time of the post-conviction trial. Accordingly, to the extent petitioner is requesting an evidentiary hearing to show "cause," his request is denied.

## CONCLUSION

The Amended Petition for Writ of Habeas Corpus (#13) is denied and this proceeding is dismissed with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this      27th      , day of May, 2010.

          /s/ Garr M. King
          Garr M. King
          United States District Judge